NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HALYA SLINKO-SHEVCHUK,, | **Hon. Claire C. Cecchi** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 2:13-cv-05633 (CCC)(MF) |
| OCWEN FINANCIAL CORPORATION, a Florida corporation, MARATHON BANKING CORPORATION d/b/a MARATHON NATIONAL BANK OF NEW YORK, a Delaware corporation, and ABC CORP., | |
| Defendants. | |

CLAIRE C. CECCHI, U.S.D.J.:

This matter comes before the Court upon the Motion to Dismiss by Marathon Banking Corporation ("Marathon") and the Motion to Dismiss by Ocwen Financial Corporation ("OFC"). Pursuant to FED. R. CIV. P 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendants' Motions to Dismiss are **granted**.

### I. BACKGROUND[1]

Plaintiff Hayla Slinko-Shevchuk ("Plaintiff") states that her father passed away on August 9, 1993, and that several years later she found the passbook that is the subject of this action. Plaintiff claims that the passbook shows that on March 21, 1988, her mother and father purchased an automatically renewing Certificate of Deposit ("CD") in the amount of $1,000 at a

---

[1] The facts from this section are taken from the parties' pleadings.

Fort Lee, New Jersey branch of Berkeley Federal Savings Bank ("Berkeley").[2] Plaintiff states that the interest rate on the CD was 7.99% to be compounded and credited monthly for a period of twelve months. Plaintiff also states that the CD was scheduled to mature on March 21, 1991 and automatically renew thereafter. According to Plaintiff, by March 21, 1991, the balance in the account was $70,000. At the time of maturity, Plaintiff asserts that the account was renewed at an interest rate of 3.050% with a new scheduled maturity date of September 21, 1993. Plaintiff also states that the passbook reflects a balance as of March 21, 1993 of $70,000.00

Plaintiff states that due to the closure of OFB, she attempted to locate the missing funds with the State of New Jersey Department of the Treasury, Unclaimed Property Administration. Plaintiff claims that on December 2, 2010, she was advised by the State of New Jersey Department of the Treasury that there is no record of an escheat of the account and that Unclaimed Property is holding no unclaimed funds in the name of Plaintiff's parents. Plaintiff states that in September 2011, she made a demand for payment to Marathon. In a letter dated September 28, 2011, Marathon stated that it "does not maintain nor has ever maintained the subject account." Marathon also denied that its acquisition of OFB included the account at issue.

Plaintiff states that in April 2013, she made a demand for payment to OFC, parent company to OFB. Plaintiff claims that OFC refused to render payment. In a letter dated April 23, 2013, Ocwen Loan Servicing, LLC ("OLS") advised Plaintiff that neither OFB nor OFC currently maintain the referenced account. Further, OLS further advised Plaintiff that they have no records regarding the referenced account or Plaintiff's father.

Plaintiff filed a Complaint against OFC and Marathon on September 20, 2013, alleging i)

---

[2] Berkeley merged into Ocwen Federal Bank ("OFB") on June 30, 1992. OFB sold all of its deposit accounts to Marathon on June 30, 2005.

2

Case 2:13-cv-05633-CCC-MF   Document 15   Filed 06/09/14   Page 3 of 5 PageID: 122

breach of contract, ii) conversion, iii) breach of the implied covenant of good faith and fair dealing; and iv) violation of the New Jersey Consumer Fraud Act, 56:8-1 *et seq.* ("NJCFA") ("Compl.," ECF No. 1). Marathon filed a Motion to Dismiss on October 31, 2013 (ECF No. 7). OFC filed a Motion to Dismiss on November 8, 2013 (ECF No. 8). Plaintiff filed an Opposition to the Motions to Dismiss on December 23, 2013 ("Pl.'s Opp'n," ECF No. 11). Marathon filed a Reply on January 2, 2014 (ECF No. 12). OFC filed a Reply on January 6, 2014 (ECF No. 13).

## II.   STANDARD OF REVIEW

In deciding a motion under FED. R. CIV. P. 12(b)(6), the District Court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." Id. On a motion to dismiss, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Plaintiff's complaint is subject to the heightened pleading standard set forth in Ashcroft v. Iqbal:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. 662, 678-679 (2009) (quoting Twombly, 550 U.S. at 557, 750).

3

## II.  DISCUSSION

Pursuant to N.J.S.A. 17:16W-4(a), "[i]f the presentation of [a] passbook is made by a successor of the owner more than 15 years after the date of the passbook, *there shall be a rebuttable presumption that the account was paid in full* to or on behalf of the owner or to a successor of the owner." (emphasis added). The "date of the passbook" is defined as:

> the date of the last entry by the financial institution of a transaction with respect to the passbook account, or if the form of the passbook is such that it does not provide for entry of transactions, the last date for which the financial institution has a record of an account transaction. If there is no record of activity with respect to a passbook account subsequent to the issuance of the passbook, the date of issuance shall be the date of the passbook.

N.J.S.A. 17:16W-2. Here, Plaintiff does not dispute that more than fifteen years has passed since the date of the passbook. Instead, Plaintiff argues that it is inappropriate to dismiss her Complaint at this stage solely because she has not rebutted the presumption. According to Plaintiff, the presumption "merely shifts the burden to Plaintiff to convince a trier of fact that the CD account has not been paid" (Pl.'s Opp'n at 10). This Court disagrees. In Edgar v. Avaya, Inc., 503 F.3d 340, 347 (3d Cir. 2007), at issue was a rebuttable presumption that provided the following:

> [A]n [Employee Stock Ownership Plan] fiduciary who invests [plan] assets in employer stock is entitled to a presumption that it acted consistently with ERISA by virtue of that decision. However, the plaintiff may overcome that presumption by establishing that the fiduciary abused its discretion by investing in employer securities.

Edgar v. Avaya, Inc., 503 F.3d 340, 347 (3d Cir. 2007). The district court dismissed the plaintiff's claim because she did not plead facts to rebut the presumption, and the plaintiff argued on appeal that it was improper for the district court to apply the presumption at the motion to dismiss stage. Id. at 348-49. The Third Circuit was "unconvinced" by the plaintiff's argument, and stated that there was "no reason to allow this case to proceed to discovery when, even if the

4

allegations are proven true, [the plaintiff] cannot establish that [the] defendants abused their discretion." Id. at 349. See also In re Tower Air, Inc., 416 F.3d 229, 238 (3d Cir. 2005) (stating that a plaintiff must plead facts sufficient to overcome the presumption of the business judgment rule in a breach of fiduciary duty case); Stanziale v. Nachtomi, No. 01-403, 2004 WL 1812705, at *2 (D. Del. Aug. 6, 2004) ("[W]hat Plaintiff evidently fails to comprehend is that the business judgment rule applies to this case and means that Plaintiff was required to rebut the presumption of that rule with well-pleaded facts, not conclusory allegations."). Here, although Plaintiff is correct that she must not conclusively rebut the presumption at the pleading stage, she has not alleged a single fact to show that she will be capable of overcoming the presumption at a later stage of litigation. See See Fellner v. Tri-Union Seafoods, L.L.C., No. 06-CV-0688, 2010 WL 1490927, at *6 (D.N.J. Apr. 13, 2010) (denying a motion to dismiss because "[i]f [the plaintiff's] allegations are accurate, and the Court accepts them as such for the purpose of this motion, then [the p]laintiff could potentially rebut the statutory presumption of [a product's] warning's adequacy"). Importantly, "[t]he passbook itself does not rebut [the] presumption." N.J.S.A. 17:16W-4(a). As such, this Court finds that Plaintiff's Complaint is fatally flawed, and both Motions to Dismiss are granted.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are granted. Plaintiff's Complaint is to be dismissed without prejudice. Plaintiff shall have thirty (30) days to reinstate this matter by filing an Amended Complaint. An appropriate Order follows this Opinion.

Dated: June 9, 2014

_____
Claire C. Cecchi, U.S.D.J.

5