NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANNA ("HALYA") SLINKO-SHEVCHUK, | Civil Action No.: 13-5633 (CCC-MF) |
| Plaintiff, | |
| v. | OPINION |
| OCWEN FINANCIAL CORPORATION, *et al.*, | |
| Defendants. | |

**CECCHI, District Judge.**

**I.     INTRODUCTION**

This matter comes before the Court on the motion of Investors Bank, successor-in-interest to Defendant Marathon Banking Corporation ("Marathon") to dismiss the Amended Complaint of Plaintiff Anna "Halya" Slinko-Shevchuk ("Plaintiff"). ECF No. 18. No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, Defendant's motion to dismiss is denied.

**II.    BACKGROUND**

On September 20, 2013, Plaintiff filed the Complaint in the instant action against Defendants Marathon and Ocwen Financial Corporation. ECF No. 1. In Plaintiff's original Complaint, she alleged that several years after her father's death, she found a passbook showing that on March 21, 1988, her father, Nikifor Slinko, and her mother, Anna Slinko, had purchased an automatically renewing Certificate of Deposit ("CD"), with the account number ending -1017 (the "Account"), at a branch of the Berkeley Federal Savings Bank in Fort Lee, New Jersey. Compl. ¶¶ 17-18. According to the Complaint, the original amount of the CD was $1,000, with a

1

7.99% interest rate to be compounded and credited monthly, and it was scheduled to mature on March 21, 1991. Id. at ¶ 19. Plaintiff alleged that by March 21, 1993 (the Account had been renewed in 1991), the passbook showed that the balance in the Account was $70,000, and that after the last transaction reflected in the passbook, "the account-holders on the Account, Ni[k]ifor and Ann[a] Slinko, did not make a withdrawal on the account, nor did anyone else, including Plaintiff." Id. at ¶¶ 22-25.

According to the Complaint, by the time Plaintiff discovered the passbook, Berkeley Federal Bank & Trust had merged into Ocwen Federal Bank FSB, a subsidiary of Ocwen Financial Corporation, and changed its name to Ocwen Federal Bank, FSB; then, "Ocwen Federal Bank sold all of its deposit accounts, including those held in New Jersey branches, to Marathon Bank of New York." Id. at ¶¶ 14-16. Because Ocwen Federal Bank had closed, Plaintiff tried to locate the funds from the Account with the New Jersey Treasury Department's Unclaimed Property Administration, which informed her on December 22, 2010 that they had no record of an escheat of the Account or unclaimed funds in the name of Anna or Nikifor Slinko. Id. at ¶¶ 26-27.

Plaintiff then demanded payment from Marathon in September 2011, but Marathon denied Plaintiff's request, advising her that it did not maintain and never maintained the Account in question, and denying that the Account was included in its acquisition of Ocwen Federal Bank FSB. Id. at ¶ 29. Plaintiff subsequently demanded, and was refused, payment from Defendant Ocwen Financial Corporation ("OFC"), which Plaintiff contends is the parent company to Ocwen Federal Bank FSB. Id. at ¶ 30-31.[1] Plaintiff then brought the instant lawsuit against Defendants Marathon and OFC, alleging breach of contract, common law conversion, breach of the implied

---

[1] OFC has filed a separate motion to dismiss the Amended Complaint. ECF No. 22. In its motion to dismiss, OFC notes that OFC and Ocwen Federal Bank FSB are different entities and that OFC is not a bank. OFC Br. Supp. Mot. to Dismiss 2, 3 n.1.

2

covenant of good faith and fair dealing and violation of New Jersey's Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 *et seq.*

Defendants Marathon and OFC each filed separate motions to dismiss the Plaintiff's Complaint, and the Court granted those motions in an opinion dated June 9, 2014 (the "First Dismissal Op."). See ECF No. 15. The Court's opinion was based upon a New Jersey statutory provision relating to records retention by financial institutions, which states that "[i]f the presentation of [a] passbook is made by a successor of the owner more than 15 years after the date of the passbook, there shall be a rebuttable presumption that the account was paid in full to or on behalf of the owner or to a successor of the owner." First Dismissal Op. 4-5 (quoting N.J. Stat. Ann. § 17:16W-4(a). Because Plaintiff had not pleaded any facts in her Complaint that showed that she would be capable of rebutting this presumption at a later stage in the litigation, the Court dismissed Plaintiff's Complaint without prejudice. First Dismissal Op. 4-5.

Plaintiff then filed an Amended Complaint on July 8, 2014. ECF No. 17. In the Amended Complaint, Plaintiff contends that "[a]t the time of the filing of the original Complaint, Plaintiff incorrectly understood herself to be a successor to the Account at issue," but "[u]pon further inspection," Plaintiff discovered that she is actually an owner of the Account at issue, with an interest in the Account through a right of survivorship. Am. Compl. ¶ 2. Plaintiff explains that the confusion over her ownership of the Account resulted from the fact that her legal name is "Anna," while "Halya" is the "Ukranian name by which [she is] commonly called." Slinko-Shevchuk Cert. ¶ 3, ECF No. 17-2. Plaintiff initially believed her mother to be the "Anna Slinko" referenced in the passbook at issue (her mother's name is Julianna) but upon further inspection, Plaintiff realized that she is the "Anna Slinko" who had joint ownership of the Account with her father. Am. Compl. ¶ 2. Plaintiff further states, in her certification submitted with the Amended

Complaint: "As an owner of the Account, I hereby certify pursuant to N.J.S.A. 17:16W4(c) that neither my father nor I ever received payment of the Account or transferred the Account, my father or me." Slinko-Shevchuk Cert. ¶ 32. The statutory provision to which Plaintiff refers states, in relevant part:

> If the presentation of the passbook is made by the owner, and the presentation is accompanied by a sworn certificate of the owner that the owner never received payment of the account nor transferred the account, there shall be a rebuttable presumption that the account exists and that the financial institution is holding the account for the benefit of the owner.

N.J. Stat. Ann. § 17:16W-4(c). Finally, the Amended Complaint contains additional facts regarding the history of the Account at issue: Plaintiff now alleges that her father and her mother, Julianna Slinko, had opened a CD account ending in -0464 in the amount of $60,000 in 1984, and that by March 16, 1988, the balance of the -0464 account was $66,166.89; after withdrawing the interest from the -0464 account, Plaintiff contends, her father opened a new CD account, the Account at issue (ending in -1017), with Plaintiff as co-owner and with a principal balance of $66,000 (not $1,000 as originally alleged in the initial Complaint). Am. Compl. ¶¶ 18-21. Plaintiff contends that the last passbook relating to the Account at issue bears no stamp indicating that it was cancelled, the balance of the Account was $70,000 as of the date of the last entry in the passbook, and that the Account balance was never paid in full to its owners, Plaintiff and her father, Nikifor Slinko. Id. at ¶¶ 29-42.

Defendant filed the instant motion to dismiss the Amended Complaint on July 22, 2014, relying on the same argument that it made in support of its motion to dismiss the initial Complaint. ECF No. 18. Defendant argues that the presumption provided in N.J. Stat. Ann. § 17:16W-4(a)—i.e., that the account was paid in full if a successor of the owner presents the passbook to a financial institution more than 15 years after the date of the passbook—still defeats Plaintiff's claim. Def.'s Br. 6-7. Defendant argues that this presumption still applies to Plaintiff because Plaintiff has not

4

presented sufficient evidence that she is the "Anna Slinko" referenced as a co-owner of the Account. Id. Defendant urges the Court to reject Plaintiff's assertion that she is the co-owner of the Account because it is in direct contradiction with the assertion in the initial Complaint that the owners of the Account were her father and mother. Id.

### III. DISCUSSION

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, district courts must first "accept all of the complaint's well-pleaded facts as true, but may disregard legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-211 (3d Cir. 2009). Then, the court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. (quoting Iqbal, 556 U.S. at 679). "This 'plausibility' determination will be 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 556 U.S. at 679). Further, an amended complaint "supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 171 (3d Cir. 2013) (quoting New Rock Asset Partners, LP v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1504 (3d Cir. 1996)).

Defendant does not argue that Plaintiff does not have a plausible claim for relief based upon the facts alleged in the Amended Complaint. Rather, Defendant argues that Plaintiff has not adequately supported the factual allegations in her Amended Complaint and that the Court should

reject the new facts in the Amended Complaint because they contradict facts in the original Complaint.

The Court will not reject the facts in the Amended Complaint simply because they are contrary to facts in the original Complaint. The Third Circuit has held that "at the motion to dismiss stage, when the district court typically may not look outside the four corners of the amended complaint, the plaintiff cannot be bound by allegations in the superseded complaint." West Run, 712 F.3d at 173. In West Run, the Third Circuit vacated and remanded the decision by the district court to dismiss one count of the plaintiffs' amended complaint. Id. The count at issue was a breach of contract claim, where the defendant's obligation to perform under the contract was conditioned upon plaintiffs' achieving a certain level of pre-sold condominium units. Id. at 170-71. In the initial complaint, plaintiffs had specified the numbers of pre-sold condominium units, and these numbers were lower than the amount required to trigger the defendant's contractual obligations; thus, in response to the defendant's motion to dismiss, the plaintiffs filed an amended complaint that omitted the pre-sale numbers in the original complaint. Id. The plaintiffs explained in their briefing that they amended the complaint to omit the pre-sale numbers "after they 'realiz[ed] that the presale numbers in the original Complaint were in error.'" Id.

The district court dismissed that count of the amended complaint, reasoning that "a plaintiff is not permitted to take a contrary position in a complaint in order to avoid dismissal." Id. at 171 (internal quotations omitted). The Third Circuit vacated and remanded, noting that "[p]laintiffs routinely amend complaints to correct factual inadequacies in response to a motion to dismiss," and "[t]hat is so even when the proposed amendment flatly contradicts the initial allegation." Id. at 172. Dismissal of an amended complaint is not warranted simply because a plaintiff took a "contrary position . . . to avoid dismissal." Id. (internal quotations omitted).

6

Similarly in this case, it would be error for the Court to treat Plaintiff's contentions in the original Complaint as judicial admissions. Defendant cites several unpublished district court cases outside the Third Circuit, in which courts have rejected contradictory assertions in amended pleadings because the amendments were unexplained and appeared to be in bad faith.[2] However, these cases do not persuade the Court to disregard the clear directive in West Run that, at the motion to dismiss stage, the Court must not look outside the four corners of the amended complaint.

Moreover, Plaintiff does not drastically change a previous recollection without explanation. Rather, Plaintiff appears to have discovered new facts surrounding the history of the Account at issue, including that the initial balance was greater than Plaintiff originally thought, and that prior to opening the Account at issue, her father and mother had opened a separate CD account in the names Nikifor Slinko and Julianna Slinko. See Opp. Br. 8. Plaintiff has submitted a sworn statement that her legal name is, in fact, Anna. Slinko-Shevchuk Cert. ¶ 3. Just as it was improper to dismiss plaintiff's claim in West Run, where plaintiff had omitted facts from the previous complaint because they "realized" that those facts were in error, 712 F.3d at 170-71, it would be improper to dismiss this action based on the conflict between the Amended Complaint and original Complaint.

---

[2] See, e.g., Wallace v. New York City Dep't of Corrections, No. 95 CV 4404, 1996 WL 586797, at *2 (E.D.N.Y. Oct. 9, 1996) (plaintiff "blatantly change[d] his statement of the facts" to allege existence of Department of Corrections policy responsible for alleged violations in response to motion to dismiss); Kant v. Columbia Univ., No. 08 Civ. 7476, 2010 WL 807442, at *7 (S.D.N.Y. Mar. 9, 2010) (denying leave to amend where plaintiff's proposed amendment containing "unexplained new recollection concerning this critical aspect of his alleged oral agreement with Columbia officials . . . strongly suggest[ed] bad faith"); Gause v. Chase Home Finance LLC, No. 09 CV 4886, 2010 WL 843945, at *2 (E.D.N.Y. Mar. 9, 2010) (rejecting evasive assertions that diversity jurisdiction existed in amended complaint where plaintiff originally pleaded that both she and defendants were New York citizens).

Finally, Plaintiff is not required to submit evidence at this stage proving that she is the Anna Slinko referenced in the passbook for the Account. See Fowler, 578 F.3d at 213 ("Under the Federal Rules of Civil Procedure, an evidentiary standard is not a proper measure of whether a complaint fails to state a claim."). At this stage, the Plaintiff only needs to make allegations that "raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. Plaintiff has stated that her legal name is Anna, that she has discovered that she is a co-owner of the Account at issue, and that the balance of the Account was never paid to her or her father. While the Court may consider evidence supporting or refuting these claims at the summary judgment stage, including considering a superseded pleading as evidence to rebut Plaintiff's contradictory assertions, see West Run, 712 F.3d at 172-73, the Court will not weigh such evidence at this stage in the litigation.

## IV.   CONCLUSION

Based on the reasons set forth above, Defendant Marathon's motion to dismiss is denied. An appropriate order accompanies this Opinion.

Dated: February 25, 2015

_____
**CLAIRE C. CECCHI, U.S.D.J.**